IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WARREN CULBERTSON and ESTHER CULBERTSON, | ) |
| | ) CIVIL ACTION NO. |
| Plaintiffs, | |
| | ) 06-0722-CB-B |
| v. | |
| | ) |
| DAVID BARR, individually, T&B LTD d/b/a THAMES BATRE MATTEI BEVILLE & ISON INSURANCE COMPANY; FIDELITY NATIONAL INSURANCE COMPANY d/b/a FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY; et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

This matter is before the Court on an unopposed motion for summary judgment filed by defendant T&B, Ltd. ("Thames Batre"). (Doc. 45.) After considering the brief and evidence submitted in support of the defendant's motion, along with all other relevant pleadings on file, the Court finds that the motion for summary judgment is due to be granted

**Findings of Fact**

In 1997, plaintiffs Warren and Esther Culbertson purchased a three-story house located on Ono Island from Compass Bank. The Culbertsons also own a house in Cantonment, Florida, and spend approximately half of their time in each house. At the closing of the transaction in which Mr. And Mrs. Culbertson purchased the Ono Island House, they were informed by Compass Bank that the house was in a C zone and that, therefore, they did not have to buy flood

insurance. Nevertheless, Mrs. Culbertson decided that she wanted a flood insurance policy and purchased a flood insurance policy through defendant Thames Batre.

Mrs. Culbertson, who purchased the policy without Mr. Culbertson's knowledge summarized her transaction with Thames Batre which resulted in the issuance of the flood insurance policy as follows:

> Q. I just want you to tell me if you remember any conversation with Thames Batre or Ms. Kieser or anyone else regarding the flood policy before Ivan.
>
> A. Before Ivan? I just remember telling them I wanted flood insurance, period. I didn't have to have it, but wanted it.
>
> Q. I understand, and do you recall - -
>
> A. That's all I remember.
>
> Q. Do you recall anything that Ms. Kieser or a representative of Thames Batre may have told you?
>
> A. They didn't tell me I needed flood insurance.
>
> Q. Well, my question is - -
>
> A. They didn't tell me I needed it. They just said, fine, we'll get you flood insurance. That was it. There was no you have to have it. It was - - that's all I'm saying. That's all I remember is that I told them I wanted it. I didn't need it. But I did want it.
>
> Q. But my question is do you recall anything that Ms. Kieser or anyone with Thames Batre said to you about flood insurance?
>
> A. No.

Shortly after closing, Mr. And Mrs. Culbertson received the policy by mail, and thereafter, received renewal notices annually. The renewal notice for the policy period 7/01/04 -

7/01/05 shows that Mr. And Mrs. Culbertson had the following coverage limits: Building - - $250,000 with a $500 deductible; and contents - - $100,000 with a $500 deductible.

The renewal notice also shows that the Ono Island house is located in flood zone AO9 and includes the following statement: "This is an elevated building. Coverage is limited below the lowest elevated floor, See property not covered in standard flood insurance policy." Ms. Culbertson read the notice and saw that the house was located in flood zone AO9. Approximately a year after purchasing the Ono Island house, Mr. And Mrs. Culbertson enclosed the back sides of the carport on the ground level of the house, which is the first story.

The elevation certificate for the Ono Island house, which is dated 7/14/86, shows that the flood zone in which the house is located is AO9. Mr. Culbertson stated that he has no knowledge of any change in the flood zone since the certificate was prepared and agreed that the Ono Island house was located in flood zone AO9 when it was damaged during Hurricane Ivan.

The amounts of the claims asserted in this action by Mr. And Mrs. Culbertson for damage caused by flooding during Hurricane Ivan are less than the limits provided by the flood policy. Mr. Culbertson was clear about this when he testified during his deposition:

> Q. Do you agree that the claim that you have asserted in this lawsuit for dwelling and contents is less than the coverage provided in the policy that you had when the casualty occurred?
>
> A. Yes.
>
> Q. Do you contend that having excess coverage when Ivan hit would have changed your coverage?
>
> A. No.

The Culbertsons filed this action against Thames Batre Mattei Beville & Ison Insurance

3

(Thames Batre), Fidelity National Insurance Company, the company that issued the flood policy and David Barr, an individual, as a result of claims arising from damage to their home on Ono Island, Alabama during Hurricane Ivan.  In their amended complaint, plaintiffs claim that Thames Batre breached its fiduciary duty because it did not advise the Culbertsons that the home's flood zone had changed in 2002 (Count One) and was negligent because it did not properly advise the Culbertsons on the amount of flood insurance coverage necessary.  (Count Two).  As a result, plaintiffs assert that the Ono Island home and its contents were inadequately insured.

**Legal Conclusions**

The duty of an insurance agent under the law of Alabama is set forth in *Highlands Underwriters Insurance Co. V. Elegante Inns, Inc.*, 361 So.2d 1060, 1065 (Ala. 1978), as follows:  "Once the parties have come to an agreement on the procurement of insurance, the agent or broker must exercise reasonable skill, care, and diligence in effecting coverage." Furthermore, an element of a claim against an insurance agent for breach of a duty is damage resulting therefrom. *Id.*  Based on the facts set forth above, it is clear that plaintiffs' claims against Thames Batre are without merit.

Thames Batre followed Mrs. Culbertson's instructions and obtained the flood insurance policy she requested.  That policy reflected the correct flood zone in which their house was located.  Although the complaint alleges that Thames Batre breached it duty by failing to inform the Culbertsons of a change in flood zone, the evidence demonstrates that the flood zone did not change from the time the Culbertson's purchased the house 1997.   Since the event which is alleged to have triggered a duty in 2002 never occurred, Thames Batre satisfied its duty to Mr.

and Mrs. Culbertson under Alabama law.

Plaintiffs' claim that Thames Batre is liable for failing to advise them to increase their flood insurance coverage fails because the evidence demonstrates that plaintiffs' flood insurance coverage was sufficient. Mr. Culbertson testified at deposition that the amount of their claim for damage to their house from flood is less than the limits provided by their flood policy, that the amount of their claim for damage to their contents is less than the limits of their flood policy, and that having an excess flood policy would not have changed the coverage available for loss due to flood. Since the flood damage was within policy limits, plaintiffs have suffered no damage from Thames Batre's alleged failure to increase coverage.

Accordingly, for the reasons stated above, motion for summary judgment filed by defendant T&B Ltd. d/b/a Thames Batre Mattei Beville & Ison is hereby **GRANTED**.

**DONE** and **ORDERED** this the 28th day of January, 2008.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**